

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HAROLD R. ROLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05 C 0824 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| PEOPLES GAS LIGHT AND COKE COMPANY; ) | |
| EQUIFAX INFORMATION SERVICES, LLC; ) | |
| TRANS UNION, LLC; CHASE, N.A., and ) | |
| CAVALRY PORTFOLIO SERVICES, LLC; ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Harold R. Rollins, has brought a six count complaint against defendants; Peoples Gas Light and Coke Company (Peoples Gas); Equifax Information Services LLC ("Equifax"); Trans Union, LLC; Chase, N.A. ("Chase"), and Cavalry Portfolio Services, LLC ("Cavalry"); for allegedly violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 et. Seq. ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA"). Peoples Gas has moved to dismiss Count III (the only count against it) for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6), or alternatively, lack of subject matter jurisdiction pursuant to Fed. R. Civ. Pro 12(b)(1). For the reasons set fourth below the motion is granted.

## FACTS

Plaintiff, Harold R. Rollins, is an individual consumer. Defendants Equifax and Trans Union are consumer reporting agencies ("CRAs"). Defendant Peoples Gas is a corporation and a subsidiary of former defendant Peoples Energy.[1] Defendant Chase is a bank. Defendant Cavalry

---

[1] Plaintiff voluntarily dismissed Peoples Energy pursuant to Fed. R. Civ. P. 41(a).

is a limited liability charter company, engaged in the business of purchasing and collecting charged off consumer debts. All of the debts Cavalry purchases are originally owed to others and are acquired after alleged default. Cavalry is a debt collector as defined by the FDCPA.

In late 2003 and early 2004, plaintiff noted that Equifax and Trans Union were reporting a charged off account or accounts allegedly owed to energy supplier Peoples Energy and/or Peoples Gas on plaintiff's credit report, and a charged off debt allegedly incurred with Chase, that had been purchased by Cavalry. In a letter dated February 21, 2004, plaintiff advised Peoples Energy and Peoples Gas, Equifax and KCA Financial Services that he believed his gas account was being commingled with the account of an unknown third person and that as a result Peoples Energy and/or Peoples Gas had been erroneously billing plaintiff for a number of years. Plaintiff refused to pay his gas bills on the ground that the bills he was receiving were only estimates. An account was charged-off and sold to Cavalry, which subjected plaintiff to collection activity for the unpaid balance and posted a derogatory item on his credit report. Plaintiff paid this balance but continued receiving bills for a second account.

According to the complaint, Equifax and Trans Union contacted Peoples Energy and/or Peoples Gas in response to the claims set forth in the letter. Equifax and Trans Union allegedly "did not communicate actual statements and documentation submitted by plaintiff, but simply asked...Peoples Energy and/or Peoples Gas if the information previously submitted by them was correct."

In count III of the complaint, plaintiff claims that Peoples Gas violated the FCRA, 15 U.S.C. § 1681s-2(b), "by providing false information to Equifax when it contacted Peoples Energy and/or Peoples Gas in response to plaintiff's complaint." Peoples Gas has moved to

2

dismiss for failure to state a claim pursuant to Fed R. Civ. Pro. 12 (b)(6), on the ground that the complaint does not allege that Peoples Gas failed to perform a reasonable investigation as required by §1681s-2(b). Peoples Gas argues that despite the fact that plaintiff has cited §1681s-2(b), the substance of his claim goes to §1681s-2(a) -- a provision that plaintiff concedes is enforceable only by certain government agencies and does not provide individual consumers with a cause of action.

Alternatively, Peoples Gas moves to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. Pro 12(b)(1), arguing that state agencies have primary jurisdiction over the regulation of Illinois Utilities such as Peoples Gas, and that because plaintiff has failed to exhaust state remedies the instant case should be stayed pending review by the Illinois Commerce Commission.

## STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests whether the plaintiff has properly stated a claim upon which relief could be granted, not whether the plaintiff will ultimately prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). In ruling on a motion to dismiss under either 12(b)(6) or 12(b)(1), a court must construe all well-pleaded allegations of the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Id.; Reuth v. U.S. EPA, 13 F.3d 227, 229 (7th Cir.1993) (per curiam). A motion to dismiss will not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## DISCUSSION

Plaintiff claims Peoples Gas violated § 1681s-2(b) of the FCRA, which imposes various duties on companies that supply information to consumer credit reporting agencies. In general, that section requires that a furnisher of information conduct an investigation as to the accuracy of information provided to a CRA upon receipt of notice from the CRA that the consumer disputes the debt. Peoples Gas argues that the complaint fails to state a claim because it does not allege that Peoples Gas failed to conduct "a reasonable investigation" as required by 1681s-2(b), but rather alleges that Peoples Gas violated the section "by providing false information to Equifax when it contacted Peoples Energy and Peoples Gas in response to plaintiff's complaints." Peoples Gas argues that these allegations actually state a claim under 1681s-2(a), which imposes various duties on entities to provide accurate information to CRA's in the initial furnishing, and imposes duties of reasonable investigation after notice of a dispute directly from the consumer, but does not address the furnisher's obligations after receipt of notice of a dispute by the CRA. It is undisputed that there is no private right of action under §1681s-2(a). Dumas v. Dovenmuehle Mortg. Inc., 2005 WL 1528262 at 5, (N.D.Ill.,2005); Beattie v. Nations Credit Financial Services Corp., 69 Fed.Appx. 585 at 589 (C.A.4 (S.C.), 2003).

In response, plaintiff points to the broad notice pleading standard of the federal rules and argues that he need not explicitly allege that Peoples Gas failed to conduct a reasonable investigation to state a claim under 1681s-2(b). Plaintiff asserts that a complaint alleging that he complained about his Peoples Gas "tradeline" to Equifax, that Equifax contacted Peoples Gas in response to plaintiff's complaints, and that Peoples Gas negligently or willfully furnished false information in response to such inquiry is sufficient to state a claim under § 1681s-2(b).

4

The court agrees with plaintiff that the federal rules do not necessarily require a plaintiff to use "the magic words defendant failed to conduct a reasonable investigation" to state a claim under 1681s-2(b). Federal notice pleading requires a plaintiff to set out in his complaint only a short and plain statement that will provide a defendant with fair notice of the claim. Scott v. City of Chicago, 195 F.3d 950. There is no requirement in federal lawsuits to plead facts, subject to exceptions listed in Fed. R. Civ. P. 9. Walker v. Thompson, 288 F.3d 1005 (7th Cir. 2001). Thus, had plaintiff alleged no facts and simply provided conclusory allegations, he would have stated a claim under §1681s-2(b).

Plaintiff has alleged facts, however, and it is well settled that even under notice pleading a plaintiff can plead himself out of court by pleading facts that demonstrate he has no claim. Northern Trust Co. v. Peters 69 F.3d 123 at 129 (7th Cir. 1995). Count III realleges ¶ 27 of the complaint, which states that Equifax and Trans Union "did not communicate actual statements and documentation submitted by plaintiff, but simply asked...Peoples Energy and/or Peoples Gas if the information previously submitted by them was correct." The duties § 1681s-2(b) imposes on furnishers of information arise only after the furnisher is notified pursuant to § 1681i (a)(2) by a consumer credit reporting agency that a consumer challenges information. Moline v. Trans Union, LLC 2003 WL 21878728, (N.D. Ill.2003); 15 U.S.C. §§ 1681i(a)(2); see Ryan v. Trans Union, 2000 WL 1100440, *1 (N.D. Ill. Aug. 4, 2000). Furnishers of information, such as Peoples Gas, are accountable under § 1681s-2(b) only if they continue to supply inaccurate data to credit reporting agencies after proper notification by the CRA. 5 U.S.C. § 1681s-2(b)(1)(A)-(D); Dornhecker v. Ameritech Corp., 99 F.Supp.2d 918, 925 (N.D. Ill. 2000). Section 1681i (a)(2)(A) provides that notice "shall include all relevant information regarding the dispute that

5

the agency [CRA] has received from the consumer." Therefore, only proper notice, including all relevant information received from the consumer, triggers the furnisher's obligation to conduct an investigation under § 1681s-2(b). Varnado v. Trans Union, LLC 2004 WL 1093488, *2 (N.D.Ill. 2004). In the instant case, by realleging ¶27 in Count III, plaintiff asserts that Equifax and Trans Union failed to provide proper notice pursuant to 1681s-2(b). Therefore, the duties set forth in 1681s-2 (b) were never triggered and, as pled, plaintiff is not entitled to relief under 1681s-2(b). Thus, Count III fails to state a claim.[2]

Finally, Peoples Gas also argues that the primary jurisdiction doctrine requires the court to stay this matter pending review by the Illinois Commerce Commission, which has jurisdiction over disputes regarding the regulation of utility services and billing for utilities services. The court disagrees. Peoples Gas has not cited any federal statute or precedent that applies the primary jurisdiction doctrine to an FCRA case.

In its central and original form, sometimes referred to as "exclusive agency jurisdiction," the doctrine of primary jurisdiction applies only when, in a suit involving a regulated firm but not brought under the regulatory statute itself, an issue arises that is within the exclusive original jurisdiction of the regulatory agency to resolve. Arsberry v. Illinois, 244 F.3d 558, 563 (7th Cir. 2001). 15 U.S.C. § 1681t(b)(F). Peoples Gas argues that plaintiff's allegations that he was erroneously billed by Peoples Gas at two locations when he resided at only one, that his bills were mistakenly commingled with those of another person, allegations regarding the reading of

---

[2]In his response to the motion to dismiss, plaintiff suggests that the court could infer from the complaint that plaintiff alleges "that Peoples Gas did not perform a reasonable investigation." As discussed above, the court will not draw that inference from the current complaint. Should plaintiff wish to allege failure to perform a reasonable investigation, consistent with his allegations under Fed. R. Civ. P. 11, he may seek leave of court to file an amended complaint.

his gas meter, gas service to his residence, and disputes over the amount of his gas bills, are issues within the exclusive original jurisdiction of the Illinois Commerce Commission. Peoples Gas' argument assumes an interpretation of the FCRA that requires those issues be proven, however, in order for plaintiff to recover against Peoples Gas. The duties 1681s-2(b) places on furnishers of information are triggered, however, upon notification by a consumer reporting agency of a dispute. Plaintiff does not have to prove that the underlying allegations that gave rise to the dispute are true to recover, only that there was in fact a dispute, Peoples Gas was properly notified, and Peoples Gas failed to comply willfully or negligently. 15 U.S.C. §§ 1681s-2(b), 1681o, 1681p. Therefore, whether plaintiff was actually overbilled, and whether he actually owes the debt is not central to the FCRA claim, and this court has jurisdiction over that claim. Accordingly, the motion to dismiss for lack of jurisdiction is denied.

For the reasons set fourth above, the motion of Peoples Gas to dismiss for failure to state a claim is granted. The alternate motion to dismiss for lack of subject matter jurisdiction is denied.

**ENTER:** **July 27, 2005**

_____
**Robert W. Gettleman**
**United States District Judge**

7